## THE STATE OF NORTH DAKOTA *vs.* JOHN TOMLINSON.

Opinion filed April 12th, 1898.

**Power of District Judge Outside His District.**

> A District Judge who has been regularly called into a district, other than his own, to try a criminal case, may, after the issue of fact is disposed of by the jury, hear and decide any motion or other matter connected with such case; and such hearing or decision may be had in either of the two districts in question. ·

**Polling Jury—Juror Explaining Verdict.**

> When the jury was being polled, one juror, who had been asked, "Is this your verdict?" stated that he desired to make an explanation, but did not disclose the nature or the purpose of the proposed explanation. The trial court refused to allow the explanation to be made at that time, and required a direct answer, whereupon the juror answer, "Yes." *Held*, that the ruling on this point was not error.

**Competency of Juror.**

> The defendant was charged with keeping intoxicating liquors for sale as a beverage. Upon the trial a juror was challenged for actual bias, and the challenge was overruled, and the defendant excepted to the ruling. It appeared upon the juror's examination that he was a Prohibitionist in sentiment, and strongly opposed to the unlawful traffic in intoxicating liquors, and, further, that he had no bias or prejudice for or against the accused, personally, and and would decide the case impartially upon the law and testimony offered in court. *Held*, such ruling was not error.

Appeal from District Court, Traill County; *Lauder*, J.

John Tomlinson was convicted of keeping intoxicating liquor for unlawful sale as a beverage, and appeals.

Affirmed.

*M. A. Hildreth*, for appellant.

Appellant was denied his statutory right of challenging peremptorily six jurors. This was error. *Peo.* v. *O'Neil*, 61 Cal. 433; *Peo.* v. *Harris*, 61 Cal. 136; *U. S.* v. *Dunn*, 3 Mackey, 151; *Peo.* v. *Comstock*, 55 Mich. 405, 21 N. W. Rep. 384; *Schumaker* v. *State*, 5 Wis. 324; 1 Thomp. Tr. 44. The juror Johnson was disqualified because of actual bias. 1 Thomp. Tr. 75, n. 4; Abbotts Crim. Brief, 144. The verdict was not a fair expression of the opinion

of the jury and should not be permitted to stand. *Weeks* v. *Hart*, 24 Hun. 181; *State* v. *Austin*, 6 Wis. 205; *Rothbauer* v. *State*, 22 Wis. 447. Defendants general objection to the verdict sufficiently saves his point. *Crawford* v. *State*, 24 Am. Dec. 467; *Elledge* v. *Todd*, 34 Am. Dec. 616.

*George Murray*, *State's Atty.*, for the state.

His examination disclosed that the juror Johnson had a prejudice against crime, this does not disqualify. *State* v. *Spies*, 12 N. E. Rep. 989; *Ter.* v. *Pratt*, 6 Dak. 483; *U. S.* v. *Noelker*, 1 Fed. Rep. 426; *U. S.* v. *Duff*, 6 Fed. Rep. 45; *U. S.* v. *Broger*, 7 Fed. Rep. 193. The object in polling the jury is not to learn how the verdict was reached or the reason for agreement, but whether the verdict as announced by the foreman is the verdict of each juror. *Bean* v. *State*, 17 Tex. App. 60. *Wilson* v. *State*, 76 Ala. 42. Affidavits of jurors cannot be used to impeach the verdict. *Ter.* v. *King*, 6 Dak. 131; *Ter.* v. *Taylor*, 1 Dak. 459; 2 Thomp. Tr. 2618.

WALLIN, J. In this case the record shows that after a jury trial the defendant was found guilty, and afterwards sentenced for the offense of keeping intoxicating liquor for sale as a beverage. Upon a statement of the case a motion for a new trial was made and denied. The defendant, having appealed the case, now assigns certain errors in this court. We have carefully examined the several assignments of errors, and consider them all untenable. We are satisfied that the evidence was sufficient to justify the verdict, and that the charge of the court below, as made to the jury, was full, fair, and impartial. We shall, however, in this opinion, discuss only three of the assignments of error; these being most strenuously urged upon our attention by the defendant's counsel:

First, it appears that the action was tried in the County of Traill, in the Third Judicial District, in which the Honorable Charles A. Pollock is the duly elected and qualified Judge of the District Court. It further appears that upon the written request of Judge Pollock, the Honorable W. S. Lauder, of the Fourth

Judicial District, was called into the case, and presided at the trial, and during all the subsequent proceedings had in the action. The further fact is disclosed that the statement of the case, as originally settled by Judge Lauder, embodied an erroneous statement of fact. To correct this statement, of fact, the state's attorney, on notice to defendant's counsel, went before Judge Lauder, at his residence, in the Fourth District, and there moved for and obtained the desired correction of the record. Defendant's counsel did not appear before Judge Lauder to oppose the motion, nor did he subsequently move in the District Court to vacate the order amending the record. In this court defendant moves to strike out the amendment in question. The motion raises the question whether Judge Lauder, under the circumstances narrated, had jurisdiction, while out of the district where the action was pending, and within his own district, to exercise the powers of the District Court, for the purpose of deciding the motion to amend the record. We think he did possess such power. The statute seems to have conferred plenary power upon the several Judges of the District Courts of this state to act officially throughout the state, without reference to geographical considerations. The only exception to the broad grant of power, with reference to the place of its exercise, is that trials of issues of fact can only be had in the localities indicated by express statutory provisions. Section 5178, Revised Codes, declares that "the several Judges of the District Court shall have jurisdiction throughout the state to exercise all the powers conferred by law upon the District Court or judges thereof subject to the limitations in this article provided." The limitations referred to are found in subdivisions 1 and 2 of the same section, and relate wholly to the mode of calling in an outside judge to sit in a case not pending in his district, and have no reference whatever to the particular locality within which the functions of the court or judge shall be exercised. The statute seems to be explicit, and no reason is suggested by counsel why the same should be declared to be unconstitutional. We regard the statute, as it reads, as one of

great practical convenience to courts and counsel, and are not disposed to limit its provisions by a narrow and restricted interpretation.

Another assignment of error is based upon the following record: "The jury, having reported an agreement, came into court, and the following proceedings were had: 'Mr. Robinson: The defendant requests that the juror Mr. Reed be allowed to make the explanation which he attempted to make on being asked if this was his verdict. The court: The foreman of the jury announced the verdict as recorded. The verdict as recorded was read to the jury, and the court asked the jury if that was their verdict, and they all said it was. Subsequently the jury was polled, and each juror, for himself, declared that the verdict, as announced, recorded, and read, was his individual verdict. The court is of opinion, therefore, that there is no explanation necessary. Mr. Robinson: Will your honor please record the fact that juror Reed, before making answer, stated that he wished to make an explanation? The Court: Yes sir; the court stating that he must answer directly whether the verdict, as announced by the foreman, and recorded and read, was his verdict, and being interrogated, he said that it was." We notice first that this record fails to state what the juror Reed said when "he attempted to make an explanation on being asked if this was his verdict." In other words the nature of the explanation was not made known to the court until the jury had collectively and individually agreed to the verdict, and had been discharged as jurors. But, to further develop the point, the affidavits of Reed and other jurors were used on the motion for a new trial, and were to the effect that such jurors at the time the verdict of guilty was returned into court did not think the accused was guilty of the offense charged, and that they had assented to the verdict because they were tired out by their long confinement as jurors, and because they thought that an explanation to the court, made when they came into court with the verdict, would insure a sentence less onerous to the defendant than the burden of a second

trial would be. It is obvious that the reasons given in the affidavits for assenting to the verdict are improper and insufficient in law to warrant a verdict of guilty, but it is well settled that a verdict cannot be impeached by affidavits of jurors setting forth the grounds or considerations upon which it was found. In fact, if we correctly apprehend counsel, his contention is that the affidavits are to be considered only to show that Reed and certain other jurors never at any time assented to, or in their minds agreed to, a verdict of guilty, and would have so stated if permitted to explain. In its last analysis, the point seems to be that while it did not appear to the court, from anything said or done by the juror Reed when the jury was being polled, that Reed did not assent to the verdict of guilty, the court erred in not allowing Reed to make an explanation at that time upon his request so to do. Counsel cites the following cases as supporting his contention: *State* v. *Austin*, 6 Wis. 205; *Rothbauer* v. *State*, 22 Wis. 468. We do not regard these authorities as being in point. In both of the cases the fact of the juror's dissent from the verdict was clearly stated to the trial court when the juror was being polled. The case at bar is widely different. Nothing was said by the juror Reed indicating to the court that he did not agree to a verdict of guilty. On the contrary, he did, in the most direct and personal way, state then and there that the verdict, as read and recorded, was his individual verdict. We are strongly of the opinion that the trial court ruled properly, and with sound judicial discretion, in not permitting the juror Reed, in response to the direct question as to whether the recorded verdict was his personal verdict, to enter upon some explanation, the nature and object of which were not then made known to the court. The trial at that stage had reached a point where conclusions were wanted, and where debate and explanations were irrelevant and out of order. A contrary rule would, in our judgment, directly lead to confusion and vexatious delays in the administratoin of justice by means of trials by jury. *Bean* v. *State*, 17 Tex. App. 60; *Winslow* v. *State*, 76 Ala. 42, reported in 5 Am. Cr. R. 43.

We shall discuss but one further assignment of error. It appears that one or more of the jurors who were challenged for actual bias were sworn and acted as jurors in the case against the objections of the defendant. Upon being examined touching their qualifications to sit as jurors, these jurors stated, in substance, that they should render a verdict upon the evidence offered in court, and that they had no prejudice whatever against the defendant. They further stated that they were prohibitionists in sentiment, and had a very strong prejudice against the unlawful traffic in intoxicating liquors, and that they would gladly render a verdict against any one shown by the evidence to be guilty of violating the liquor laws of the state. In this we discover no attitude of mind that could disqualify a citizen to sit as a juror in a liquor case. It would be an anomaly to hold that, because a citizen was in favor of enforcing the criminal laws of the state, he would be unfit to sit in a criminal case for that reason. The challenge on this ground was, we think, properly overruled. Our conclusion is that the judgment must be affirmed. All concur.