# Richmond

## W. P. Wood v. Commonwealth.

January 17, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and
Chinn, JJ.

The opinion states the case.

*John B. Boatwright* and *A. L. Pitts, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused was jointly indicted with Geo. Murphy for the larceny of a calf. He was found guilty by the jury and sentenced by the court to six months in jail and to pay a fine of $100.

The facts from the standpoint of the Commonwealth show that Murphy went to the pasture of B. A. Seay and killed a calf which belonged to Seay. He then went to the home of Wood, the accused, who knew at the time that Murphy had stolen and killed the calf, and he and Wood, at ten o'clock at night, got in the latter's car and drove to the point where the calf was and loaded it in the car and returned to Wood's home with it. They dressed the calf and placed it in Wood's smokehouse. Murphy says that he sold the calf to Wood. Wood sold a quarter of it to W. O. Davis. Later, when Seay began to search for his calf, Murphy and Wood went to Davis and obtained the quarter which had been sold to him and they took it along with the rest of the meat into the woods and secreted it.

Murphy plead guilty and was sentenced to twelve months on the convict road force.

The indictment was drawn under section 4440 of the Code which is the general larceny statute.

The first point made by the accused is that he was indicted for stealing a calf while the evidence shows that if he is guilty of an offense it is receiving stolen goods.

It will not be necessary for us to determine whether the evidence shows that the accused was actually guilty of stealing a calf. If it shows that he received it, knowing it to have been stolen he could be convicted under the larceny indictment of receiving stolen goods, because receiving

stolen goods is an offense which may be charged as larceny. *Clark* v. *Com.*, 135 Va. 490, 115 S. E. 704; *Stapleton* v. *Com.*, 140 Va. 475, 124 S. E. 237. The evidence of the Commonwealth shows, beyond doubt, that he not only received the carcass of the calf, knowing it to have been stolen, but he also concealed it.

Next the accused says that he was drinking at the time and had been drinking a long time prior thereto and therefore was incompetent to possess criminal intent.

This question was submitted to the jury under a proper instruction and their verdict is conclusive that they did not think the mind of the accused was so impaired at the time, that he should not be held responsible for his crime.

Voluntary drunkenness is no excuse for crime. A number of cases are referred to in the recent case of *Mary Little* v. *Com.*, *ante,* page 1020, 175 S. E. 767, decided at Staunton in September, 1934.

The other points raised in the petition regarding the instructions are not well made. The jury was fully and properly instructed. We find no error in the record which would justify a reversal.

*Affirmed.*