**John Henry DOWNEY, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 12480.**

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1971.

Decided Nov. 18, 1971.

---

Jean H. Toal (Court-assigned counsel), Columbia, S. C., for appellant.

Overton P. Pollard, Asst. Atty. Gen. of Virginia (Andrew P. Miller, Atty. Gen. of Virginia, and Vann H. Lefcoe, Asst. Atty. Gen. of Virginia, on the brief), for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

In a petition for habeas corpus, John Henry Downey raises three constitutional claims. As violative of the Double Jeopardy Clause, he protests simultaneous convictions in Virginia of statutory burglary and grand larceny, carrying two consecutive four-year sentences. Next, alleging there was a prejudiced juror in the panel and that the jury discussed facts dehors the evidence, he contends he was denied a fair and impartial trial. Finally, he claims that a prosecution witness' mention of Downey's failure to make any statement when arrested impaired his constitutional right of silence. We affirm the District Court's conclusions save on the question of the juror's bias and the jury's deliberation; as to these we remand for particularized findings.

Both of Downey's convictions were in the Corporation Court of Lynchburg on May 10, 1966. Downey, at the time, was imprisoned under a 1965 conviction for grand larceny. Although he had not commenced serving the last two sentences, he sought from the Corporation Court release on habeas on account of the infirmities of trial now avouched. The petition was dismissed because of Virginia's then set rule that habeas corpus would not lie to impeach other than a sentence being presently served by the petitioner.[1] Peyton v. Williams, 206 Va. 595, 145 S.E.2d 147 (1965). Downey

---

[1]. Virginia Code § 8–596 was amended in 1968 to provide for a challenge to future sentences via habeas corpus. The statute now reads:

"(3) Such petition may allege detention without lawful authority through challenge to a conviction, although the sentence imposed for such conviction is suspended or is to be served subsequently to the sentence currently being served by petitioner."

Cf. Strouth v. Peyton, 404 F.2d 537 (4 Cir. 1968); Moore v. Peyton, 211 Va. 119, 176 S.E.2d 427 (1970).

asked the Virginia Supreme Court for a writ of error to his twin convictions, but they were affirmed.

On January 19, 1967, he petitioned the United States District Court for the Eastern District of Virginia for habeas corpus. The case was transferred to the Western District, where it was dismissed for failure to exhaust State remedies. On appeal the dismissal was reversed on the holding that Downey's pressing of his cause to the highest State tribunal satisfied the exhaustion doctrine. Returning to the District Court, he was denied relief without a hearing.

Before the District Court were the records of the State proceedings, including a transcript of a coram vobis hearing where the issue of the jury's indifference had been explored and rejected. Coram vobis had been declined without decision on the merits of the petition, because by statute the writ can encompass only clerical or factual error. Va.Code Ann. § 8–485 (Repl. Vol. 1957).

■ I. On Downey's instant appeal from the District Court order, the respondent questions his standing to complain of double jeopardy and the tainted juror. The argument is that State remedies have not been followed on these points, since they were asserted only on the bootless coram vobis attempt. We decline dismissal on this ground. Appellant had no other form in which to make the issues, for habeas petitions, to repeat, were not permitted for dissolution of sentences effective in futuro. Peyton v. Williams, supra, 206 Va. 595, 145 S.E.2d 147 (1965).

II. The accusations of burglary and grand larceny against appellant Downey were pleaded in a two-count indictment for offenses laid at the Chuck Wagon, a Lynchburg restaurant. Appellant contends that his conduct did not comprise two distinct crimes, albeit they involved separate items of property. It was, he says, but an uninterrupted, continuous act, touching but a single possession—a shop with a cash register and money within—all of a single ownership. Con-

sequently, the contention is that to split his indivisible act into parts, each constituting a crime, is to put him in jeopardy twice for the same wrongdoing, which is proscribed by the Fourteenth Amendment's embrace of the Fifth.

As late as 1970 we held, in Smith v. Cox, 435 F.2d 453 (4 Cir. 1970), a case arising in Virginia, that the Double Jeopardy Clause does not bar conviction and sentence at one trial for multiple offenses arising from a unitary criminal transaction where each offense rests on different necessary elements. It was declared, relying on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and McGann v. United States, 261 F.2d 956 (4 Cir. 1958), cert. denied, 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 (1959), that the clause is infringed only if all the components of a crime defined under one statute must also be proved to convict under another. "[T]he test to be applied * * * is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, supra, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ Statutory burglary is the breaking and entering of a shop "with *intent* to commit larceny". Va.Code Ann. § 18.1–89 (Supp.1971). Grand larceny occurs when a person unlawfully steals, takes and carries away goods and chattels of the value of $50.00 or more. Id. at § 18.1–100 (Repl. Vol. 1960). While it is good practice for a prosecutor to aver and establish the commission of larceny as proving burglarious intent, Clark v. Commonwealth, 135 Va. 490, 493, 115 S.E. 704, 705 (1923), only the intent, not the theft, is an integrant of burglary.

■ At the trial, it was established that appellant Downey did break and enter the restaurant intending to steal and, once in, did actually steal, a cash register of the value of some $1392.00 and cash in the amount of $340.10. True, both offenses were committed in an unbroken line of misconduct, but the con-

tinuity does not bar an indictment and a conviction for each of the two offenses. So pleaded and prosecuted the test for double jeopardy just explained is satisfied, under Virginia law, in favor of validity. Benton v. Commonwealth, 91 Va. 782, 21 S.E. 495 (1895).[2]

Whether he effected an integrated transgression or two unrelated ones, appellant Downey executed each fundamental burglary, i. e., a breaking and an entry with essential intent, and every ingredient of grand larceny: a taking of goods, chattels and money of the value of $50.00 or more. Quite clearly, the factors of taking, asportation and value, indispensable in larceny, are not so in burglary. By contrast, breaking and entering—the essence of burglary—are not constituents of larceny. Obviously, the convictions in this case did not invade appellant's constitutional protection from double jeopardy.

III. Appellant strenuously confronts both the jury's deliberations and its constituency. First, he charges, the jury discussed matters not in evidence. Explicitly, he refers to his rumored beating of a guard in a jail delivery attempt on a prior occasion, and his wife's defense testimony in the criminal trial of another. For proof, Downey adverts to the testimony of several jurors at his coram vobis hearing.

█ The State urges that jury deliberations are wrapped in a mantle of privilege, and jurors cannot be called to impeach their verdict. In controversy here, however, is not the nature of the mental processes of each juror in reaching the verdict, nor is it proposed that jurors testify as to their impression of the impact of particular evidence on the deliberations. United States v. McKinney, 429 F.2d 1019, 1029, 1030 (5 Cir. 1970); cf. Mattox v. United States, 146 U.S. 140, 147–51, 13 S.Ct. 50, 36 L.Ed. 917 (1892); United States v. Beach, 296 F. 2d 153, 160 (4 Cir. 1961); Rakes v. United States, 169 F.2d 739, 745–746 (4 Cir. 1948), cert. denied, 335 U.S. 826, 69 S.Ct. 51, 93 L.Ed. 380 (1948); Young v. United States, 163 F.2d 187 (10 Cir. 1947), cert. denied, 332 U.S. 770, 68 S.Ct. 83, 92 L.Ed. 355 (1947). Petitioner's challenge raises only the question of whether events not adduced in evidence were talked about in the jury room. This is a determination which can be made without calling jurors to give evidence on their evaluation of the proof. Such a factual inquiry is sanctioned in Rees v. Peyton, 341 F.2d 859 (4 Cir. 1965). There, it is stated that "a juror may after verdict be queried as to information, whether documentary or oral in nature, introduced into the jury room but not put before them at trial". Id. at 865.

Appellant Downey points to United States v. McKinney, supra, 429 F.2d 1019 (5 Cir. 1970), ordering a remand for inquisition on the possible deprivation of a defendant's rights by the jury's noticing of news stories about his pretrial escape which were included in courtroom proceedings. Respondent argues that *McKinney* permits scrutiny solely of Federal court trials, and does not empower a Federal court by habeas corpus to examine State court jury-room occurrences. However, we find clear authority in United States ex rel. Owen v. McMann, 435 F.2d 813 (2 Cir. 1970), for United

---

2. In so declaring, we do not overlook the dictum found in our opinion in Jones v. Cunningham, 313 F.2d 347, 350, fn. 7 and related text (4 Cir. 1963), questioning *Benton's* proposition that dual prosecution of a defendant in Downey's situation is proper under a two-count indictment. In this regard, Clark v. Commonwealth, supra, 135 Va. 490, 115 S.E. 704 (1923), and Virginia Code § 19.1–259 (Repl. Vol. 1960) were relied upon by us. However, *Clark* applies to cases involving one-count indictments and there-

fore does not affect the validity of *Benton*, Wesley v. Commonwealth, 190 Va. 268, 273, 56 S.E.2d 362, 364 (1949); and the case of Hundley v. Commonwealth, 193 Va. 449, 450, 69 S.E.2d 336, 337–338 (1952), construes Section 19.1–259 (formerly Section 19–232 of the 1950 Code of Virginia) in a manner consistent with Blockburger v. United States, supra, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and Smith v. Cox, supra, 435 F.2d 453 (4 Cir. 1970).

**240**

States court review of State trials, on habeas corpus, where there is " 'such a probability that prejudice will result that it [the verdict] is deemed inherently lacking in due process' ", id. at 818 (citing Estes v. Texas, 381 U.S. 532, 542–43, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965)).

 Downey's further defiance of the jury is the partisanship of one juror because he is the son of the jailer who was beaten in the escape attempt. Petitioner's allegations on this complaint, as well as on the jury deliberations, prima facie present deviations beyond the province, duties and impartiality of jurymen. As they raise the specter of taint in the jury's fixing of punishment,[3] we direct the District Court to hold a hearing to explore and make findings on the truth of these allegations.

■ IV. Downey's final complaint is that his Fifth Amendment privilege against self-incrimination was impinged by a prosecution witness' mention of his failure to make a statement to the police when arrested. The District Court concluded that, even if the trial court erred in denying the motion for a mistrial after the testimony had been given, the error was at most "harmless" within the rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We conclude also that, despite reception of this unconstitutional testimony, the great predominance of incriminating evidence rendered any potential prejudice minuscule.

The judgment of conviction will be conditionally suspended, and the case remanded to the District Court to make and state its findings of fact upon the appellant's second complaint. Cf. United States v. McKinney, supra, 429 F.2d 1019, 1031 (5 Cir. 1970). Should it be found that the jury did consider the evidence aliunde heretofore described, then ascertainment shall be made whether the consideration was prejudicial to Downey. If discussion of this evidence did actually occur, then, unless the Court find that clearly he was not prejudiced,

the Court shall order a new trial. Moreover, if the Court determines that the juror was disqualified, it shall likewise order a new trial. On the other hand, if the Court discovers no basis for the complaints or an absence of prejudice, the Court shall reinstate the conviction now on appeal.

Remanded, with conditional suspension of the judgment of conviction.

---

3. In Virginia the jury fixes the punishment.