**Pedro Luis RODRIGUEZ Y PAZ et al., Defendants-Appellants,**

**v.**

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 28997.**

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Rehearing and Rehearing En Banc Denied March 26, 1973.

---

William A. Daniel, Jr., Miami, Fla., for Dulce Espinosa.

Gino P. Negretti, Miami, Fla., for Fernandez, Lum & Echavarry.

James E. Siff, New York City, for Jackson.

Lawrence E. Hoffman, Miami Beach, Fla., for Acosta.

Frank Ragano, Miami, Fla., for Rodriguez y Paz.

Max Kogen, Miami, Fla., for Inchaustegui.

Robert W. Rust, U. S. Atty., J. V. Eskenazi, Asst. U. S. Atty., Neal R. Sonnett, Michael P. Sullivan, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This narcotics case was remanded to the District Court for a limited post-trial hearing on the issue of whether there is or is not a reasonable possibility that the verdict of the jury was affected by the presence in the jury room, on the last day of taking testimony, of two books that were not in evidence. The books concerned drug traffic, drug problems, and people involved in drugs. The factual circumstances requiring the remand order and the directions given to the District Court for an evidentiary hearing appear in our prior opinion, Paz v. U. S., 462 F.2d 740 (5th Cir. 1972).

The trial judge has conducted an evidentiary hearing as directed, the transcript thereof [1] and the trial judge's findings and conclusions have been certified to us, and the parties have filed briefs on the remand issue. In the hearing each juror and alternate was interrogated out of the presence of the other jurors. As each appeared the court interrogated him first and then gave counsel the opportunity to examine. Following the hearing the trial judge entered a lengthy order containing detailed findings of fact and conclusions of law.

The procedure followed by the trial judge and the standards employed by him complied with our remand directions. We find no error in the trial judge's conclusion that there is no reasonable possibility that the books— brought to the court by an alternate juror who did not participate in the jury's deliberations—affected the verdict.

The evidentiary hearing brought to light the possibility that a pamphlet, received by the same alternate juror (a dentist) in his professional capacity and listing the names of some drugs, may have been brought into the jury room

---

1. More than 100 pages long.

The District Court reached the conclusion that there was no reasonable possibility that the pamphlet—if brought into the jury room at all—affected the verdict. We find no error in that conclusion.

The findings and conclusions of the District Court on remand are affirmed. This requires that the convictions under Count I be, and they hereby are, affirmed.