421 S.E.2d 500

**STATE of West Virginia ex rel. Charles S. TRUMP, IV, Prosecuting Attorney for Morgan County, Relator,**

v.

**Honorable Donald C. HOTT, Special Judge of the Circuit Court of Morgan County, and Dennis G. Berger, Respondents.**

No. 21093.

Supreme Court of Appeals of West Virginia.

Submitted April 28, 1992.

Decided July 20, 1992.

---

Charles S. Trump, IV, Pros. Atty., Morgan County, Berkeley Springs, for relator.

Richard G. Gay and Leah R. Stotler, Stotler & Stotler, Berkeley Springs, for respondent Dennis G. Berger.

PER CURIAM:

The relator, Charles S. Trump, IV, Prosecuting Attorney for Morgan County, seeks a writ of prohibition to prevent the Honorable Donald C. Hott, Special Judge of the Circuit Court of Morgan County, from granting a new trial in the case of *State v. Berger,* Case No. 90–F–12. For the reasons stated below, we deny the writ.

Dennis G. Berger was convicted of four counts of second-degree sexual assault on November 4, 1991. On January 23, 1992, defense counsel filed a motion for new trial based upon an affidavit of one of the jurors, which asserted that during the second day of deliberations another juror told the entire panel that she knew that the defendant had either been accused of or convicted of wife beating and child molestation. The affidavit further stated that after this statement was made, three or four other jurors indicated that they had also heard that the defendant had either been accused of or convicted of these same crimes.

In an opinion order dated February 3, 1992, the trial court scheduled a hearing in order to address the matters set forth in the affidavit. The order advised that the jurors would be called to testify at that hearing and outlined the procedure the court intended to follow. First, the juror who signed the affidavit would be examined by defense counsel and would be subject to cross-examination by the prosecuting attorney. If this juror's testimony was in accord with his affidavit, then the remaining jurors would be individually examined. Each would be informed of the nature of the statements alleged in the affidavit and asked if these statements were made during deliberations. If the juror answered "no," he would not be asked any further questions. If the juror answered "yes," he would then be asked if he would have reached the same verdict had the statements not been made in his presence.

The hearing proceeded under this arrangement. The juror who signed the affidavit essentially confirmed the statements made therein and added that at the time the statements were made the jury vote was eleven to one to convict. He further informed the court that he was the hold-out juror and that the statements influenced his decision to find the defendant guilty. On cross-examination, the juror explained that he changed his mind because he thought that if these allegations were true, the defendant would get mental health treatment. When asked why he had not disclosed these statements when the jury was polled, he replied that he had told his fellow jurors that he would vote to find the defendant guilty.

The other jurors were then individually questioned by the court and each was asked if they had heard the extraneous

statements. Of the eleven jurors questioned, six could not recall the statements being made. Five jurors did recall the statements and, when asked if the statements had not been made would they have changed their verdict, all answered "no."

Following the hearing, the respondent judge indicated that he was inclined to set aside the verdict, but invited the prosecutor to seek a writ of prohibition to preclude such a ruling.

Recently, in *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992), we discussed the State's right to seek a writ of prohibition with regard to an adverse ruling in a criminal matter. We concluded that under extraordinary circumstances, the State could seek such a writ and held in Syllabus Point 5 of *Lewis:*

> "The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented."

In analyzing the State's right to prohibition in a criminal matter, we must first look to the type of error asserted. Here, the State does not claim that the trial court exceeded or acted outside its jurisdiction. Rather, the State asserts that the trial court abused its legitimate powers by granting a new trial based on one juror's disclosure of incriminating extrinsic evidence against the defendant. The State recognizes our traditional rule that the determination of a motion for new trial in a criminal case rests in the sound discretion of the trial court. As we stated in *State v. King*, 173 W.Va. 164, 165, 313 S.E.2d 440, 442 (1984): "The question of whether a new trial should be granted depends on the

circumstances of the case and is largely in the discretion of the trial court. *State v. Nicholson*, 170 W.Va. 701 [703], 296 S.E.2d 342, 344 (1982)." Thus, in these circumstances, under Syllabus Point 5, in part, of *State v. Lewis, supra*, the "State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction."

In *State v. Scotchel*, 168 W.Va. 545, 285 S.E.2d 384 (1981), we discussed at some length the question of whether a jury verdict should be set aside based on a juror's affidavit which alleged that certain improprieties occurred during the jury's deliberations. Initially, we distinguished between those matters which are intrinsic and those that are extrinsic to the deliberative process. We explained the nature of intrinsic matters in Syllabus Point 1:

> "A jury verdict may not ordinarily be impeached based on matters that occur during the jury's deliberative process which matters relate to the manner or means the jury uses to arrive at its verdict."

On the other hand, extrinsic matters are those " 'occurring during the trial [which are] not essentially inhering in the verdict[.]' " *State v. Scotchel*, 168 W.Va. at 549, 285 S.E.2d at 387, *quoting* 76 Am. Jur.2d *Trial* § 1223 (1975). Unlike intrinsic matters, "a jury verdict may be impeached for matters of misconduct extrinsic to the jury's deliberative process." Syllabus Point 2, in part, *State v. Scotchel, supra*. We pointed out in note 3 of *Scotchel*, 168 W.Va. at 549, 285 S.E.2d at 387, a category of extrinsic conduct that can be used to impeach the verdict in a criminal trial:

> "However, in criminal trials, a defendant has a constitutional right to confront the witnesses against him. Affidavits of jurors have been used to impeach the verdict of the jury where a third party has supplied the jury with facts that are not in evidence bearing on the defendant's guilt. *E.g., Parker v. Gladden*, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966);

*Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965); Annot., 58 A.L.R.2d 556 (1958); 3 ABA *Standards for Criminal Justice* § 15–4.7(c)i (1980)."

The defendant in *Scotchel* identified two different improprieties that took place during deliberations. The first involved the defendant's conviction for assault and battery. In a post-trial affidavit, a juror claimed that she voted to convict the defendant because some of the other jurors assured her that the maximum penalty for assault and battery was only a fine. We held that a juror's misunderstanding of the law was intrinsic to the deliberative process and refused to grant a new trial.[1] Another impropriety identified in the juror's affidavit was that she was "verbally abused" during the deliberations, and this caused her "to vote against [her] convictions." 168 W.Va. at 552, 285 S.E.2d at 389. We concluded that this allegation did not warrant setting aside the verdict.[2]

We followed *Scotchel*'s general principles in *State v. Banjoman,* 178 W.Va. 311, 359 S.E.2d 331 (1987), which involved a claim by the defendant that one of the jurors was biased against the defendant and had failed to disclose her bias during *voir dire.* We found there was insufficient evidence of bias, but recognized that "an allegation that one or more jurors was initially biased or prejudiced against a party may provide a basis for attacking the verdict on appeal."[3] 178 W.Va. at 317, 359 S.E.2d at 337.

Recently in *State v. Strauss,* 187 W.Va. 84, 415 S.E.2d 888 (1992), we addressed a situation where a juror talked with the State's key witness during a recess at trial. While the jury was deliberating, this same juror vouched for the credibility of the State's witness. Subsequently, another juror testified that her fellow juror's favorable opinion of the State's witness influenced her decision to find the defendant guilty. On appeal, we found there was sufficient evidence of improper influence on the jury to warrant a mistrial, but we did not analyze whether these statements were intrinsic or extrinsic to the deliberative process.

None of the foregoing cases dealt with the precise situation presented here. Moreover, our research has not disclosed any criminal case in this jurisdiction where the issue has been discussed.

Other jurisdictions agree that statements by a juror disclosing the defendant's prior wrongdoing, evidence of which was not admitted at trial, is an extrinsic matter and may be used to impeach the jury verdict in a criminal proceeding. *See, e.g., United States ex rel. Owen v. McMann,* 435 F.2d 813 (2d Cir.1970), *cert. denied,* 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646 (1971); *Downey v. Peyton,* 451 F.2d 236 (4th Cir. 1971); *United States v. Howard,* 506 F.2d 865 (5th Cir.1975); *Dumas v. State,* 491 So.2d 1083 (Ala.Crim.App.1986); *State v. Johnson,* 445 N.W.2d 337 (Iowa 1989); *State v. Arnold,* 466 So.2d 520 (La.App.), *writ denied,* 470 So.2d 124 (La.1985); *People v. Magnano,* 175 A.D.2d 639, 572 N.Y.S.2d 828 (1991), *appeal denied,* 79 N.Y.2d 860, 580 N.Y.S.2d 732, 588 N.E.2d 767 (1992); *Briggs v. State,* 207 Tenn. 253, 338 S.W.2d 625 (1960); *Chew v. State,* 804 S.W.2d 633 (Tex.App.1991); *State v. Cum-*

---

1. In Syllabus Point 3 of *Scotchel,* we said: "Ordinarily, a juror's claim that he was confused over the law or evidence and therefore participated in the verdict on an incorrect premise is a matter that inheres in or is intrinsic to the deliberative process and cannot be used to impeach the verdict."

2. Syllabus Point 4 of *Scotchel* states: "The general rule is that statements relative to intimidation or coercion by fellow jurors cannot ordinarily be received to impeach the verdict."

3. Where it is alleged after trial that a juror failed to answer a question correctly, the trial court should conduct a post-trial hearing to evaluate the materiality of the undisclosed information and the truthfulness of the juror's *voir dire* answers. If the nondisclosure of material information was innocent or inadvertent, the decision to grant a new trial is within the trial court's discretion. If the juror deliberately concealed material information which prejudiced the defendant, a new trial should be granted. *See, e.g., Artisst v. United States,* 554 A.2d 327 (D.C.App.1989); *State v. McGough,* 536 So.2d 1187 (Fla.App.1989); *Lopez v. State,* 527 N.E.2d 1119 (Ind.1988); *State v. Potter,* 711 S.W.2d 539 (Mo.App.1986).

*mings,* 31 Wash.App. 427, 642 P.2d 415 (1982); *State v. Poh,* 116 Wis.2d 510, 343 N.W.2d 108 (1984). *Cf. Parker v. Gladden,* 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966) (murder conviction set aside where bailiff said to the jury, "Oh that wicked fellow, he is guilty."); *Dickson v. Sullivan,* 849 F.2d 403 (9th Cir.1988) (deputy sheriff's comment to two jurors that defendant had "done something like this before" warranted granting defendant's writ of habeas corpus); *United States v. Posner,* 644 F.Supp. 885 (S.D.Fla.1986), *aff'd sub nom. United States v. Scharrer,* 828 F.2d 773 (11th Cir.1987), *cert. denied,* 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988) (during deliberations, one juror informed the others of the co-defendant's conviction for the same offense).

A typical analysis of this situation is found in *United States v. Perkins,* 748 F.2d 1519, 1533 (11th Cir.1984), which involved one juror relaying to the other jurors extraneous prejudicial information about the defendant:

"The sixth amendment guarantee of a trial by jury requires the jury verdict to be based on the evidence produced at trial. *Turner v. State of Louisiana,* 379 U.S. 466, 472, 85 S.Ct. 546, 549, 13 L.Ed.2d 424 [429] (1965); *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 [755] (1961). This requirement 'goes to the fundamental integrity of all that is embraced in the constitu-

tional concept of trial by jury.' *Turner,* 379 U.S. at 472, 85 S.Ct. at 549 [13 L.Ed.2d at 429]. Extrinsic evidence, evidence that has not been subject to the procedural safeguards of a fair trial, threatens such constitutional safeguards as the defendant's right of confrontation, of cross-examination, and of counsel. *Id.* at 473, 85 S.Ct. at 550 [13 L.Ed.2d at 429]. In addition, since such evidence has not been subject to the rules of evidence, it may confuse the jurors, *United States v. Howard,* 506 F.2d 865, 868 (5th Cir.1975); *Farese v. United States,* 428 F.2d 178, 180 (5th Cir.1970)." [4]

Although extraneous prejudicial information may be used to impeach a jury's verdict in a criminal case, the ultimate question is whether the evidence was sufficiently prejudicial to warrant setting aside the verdict. After analyzing other federal cases, the court in *Perkins* adopted this standard:

"When jurors consider extrinsic evidence, a new trial is required if the evidence poses a reasonable possibility of prejudice to the defendant.... Prejudice from extrinsic evidence is assumed in the form of a rebuttable presumption and the government bears the burden of demonstrating that the consideration of the evidence was harmless." 748 F.2d at 1533. (Citations omitted).[5]

*See generally* 3 J. Weinstein and M. Berger, *Weinstein's Evidence* 606–05 (1991 & Supp. 1992). We do not have a counterpart to Rule 606(b) in our Rules of Evidence. However, our method of handling intrinsic/extrinsic matters, discussed in *Scotchel* and *Banjoman,* parallels Rule 606(b), particularly the portion relating to what we term "extrinsic" evidence, i.e., "a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention." Fed.R.Evid. 606(b).

---

**4.** The rule is codified in Rule 606(b) of the Federal Rules of Evidence:

"**Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to [*sic*] or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes."

**5.** Courts have explained that the reasonable possibility test "is equivalent in severity to the harmless error rule applicable to constitutional errors under *Chapman [v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ]." *Gibson v. Clanon,* 633 F.2d 851, 853 (9th Cir.1980), *cert. denied,* 450 U.S. 1035, 101 S.Ct. 1749, 68 L.Ed.2d 231 (1981). (Footnote omitted). Because the admission of extraneous prejudicial materials threatens the defendant's constitution-

*See also United States v. Howard, supra; United States v. Weisman,* 736 F.2d 421 (7th Cir.), *cert. denied,* 469 U.S. 983, 105 S.Ct. 390, 83 L.Ed.2d 324 (1984); *United States v. Navarro–Garcia,* 926 F.2d 818 (9th Cir.1991); *United States v. Bagnariol,* 665 F.2d 877 (9th Cir.1981), *cert. denied,* 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982); *United States v. Rowe,* 906 F.2d 654 (11th Cir.1990); *United States v. Posner, supra.*

This standard has been adopted by several state courts when determining whether the extraneous evidence is sufficiently prejudicial to set aside the verdict. *E.g., Dumas v. State, supra; Wiser v. People,* 732 P.2d 1139 (Colo.1987); *State v. Cullen,* 357 N.W.2d 24 (Iowa 1984); *State v. Lott,* 574 So.2d 417 (La.App.), *writ denied,* 580 So.2d 666 (La.1991); *Edwards v. State,* 637 P.2d 886 (Okla.Crim.1981); *Briggs v. State, supra; State v. Hall,* 40 Wash.App. 162, 697 P.2d 597 (1985); *State v. Poh, supra.*

When considering the impact of the juror's prejudicial statement, courts have used an objective test and have held that the subjective impact of the information on individual jurors cannot be inquired into because it intrudes on the deliberative process. *Downey v. Peyton, supra; United States v. Howard, supra; Owen v. Duckworth,* 727 F.2d 643 (7th Cir.1984); *United States v. Maree,* 934 F.2d 196 (9th Cir. 1991); *United States v. Posner, supra; In re Stankewitz,* 40 Cal.3d 391, 220 Cal.Rptr. 382, 708 P.2d 1260 (1986); *State v. Cullen, supra.*

Finally, courts recognize that even where extraneous information adverse to the defendant has been revealed during jury deliberations, reversible error may not exist if the evidence of the defendant's guilt is overwhelming. Moreover, the statements made against the defendant may be found sufficiently innocuous not to have prejudiced the defendant regardless of the evidence. *See, e.g., United States v. Weiss,* 752 F.2d 777 (2d Cir.), *cert. denied,* 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 285 (1985); *Paz v. United States,* 473 F.2d 662 (5th Cir.), *cert. denied,* 414 U.S. 820, 94 S.Ct. 47, 38 L.Ed.2d 52 (1973); *United States v. Bowling,* 900 F.2d 926 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 109, 112 L.Ed.2d 79 (1990); *United States v. Weisman, supra; United States v. Johnson,* 647 F.2d 815 (8th Cir.1981); *United States v. Bagnariol, supra; United States v. Jones,* 707 F.2d 1169 (10th Cir.), *cert. denied,* 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983); *United States v. Rowe, supra; State v. Johnson, supra; State v. Beier,* 263 N.W.2d 622 (Minn.1978); *State v. Brewer,* 640 S.W.2d 33 (Tenn.Crim.App. 1982); *State v. Hall,* 40 Wash.App. 162, 697 P.2d 597 (1985); *Garcia v. State,* 777 P.2d 603 (Wyo.1989).

In this case, we cannot say that the juror's statements regarding the defendant's prior misconduct were sufficiently innocuous not to be prejudicial to the defendant. Thus, the trial court was correct in making a further inquiry. However, it does not appear that the trial court addressed the State's argument that the evidence against the defendant was so overwhelming that the juror's remarks were harmless. We cannot address this argument because we do not have the trial transcript.

For this reason, much as in *Lewis,* we are unable to issue a writ of prohibition. We do, however, request that the trial court review the motion for new trial in light of the principles herein stated.

Writ denied.

---

al rights of confrontation, cross-examination, and counsel, we agree that the appropriate standard to apply is the harmless constitutional error test. We first adopted this test in Syllabus Point 5 of *State ex rel. Grob v. Blair,* 158 W.Va. 647, 214 S.E.2d 330 (1975): "Failure to observe a constitutional right constitutes reversible er-

ror unless it can be shown that the error was harmless beyond a reasonable doubt." *See also Marano v. Holland,* 179 W.Va. 156, 366 S.E.2d 117 (1988); *State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173 (1983); *Angel v. Mohn,* 162 W.Va. 795, 253 S.E.2d 63 (1979); *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977).