Richmond

# FLOYD A. HARGRAVES
## V.
# COMMONWEALTH OF VIRGINIA

November 22, 1978.

Record No. 780213.

Present: All the Justices.

*James R. Corbett (Hoyle, Corbett, Hubbard & Smith,*on brief), for appellant.

*Thomas D. Bagwell, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

Floyd A. Hargraves (Hargraves or defendant), having waived trial by jury, was tried and convicted by the court below of robbery, Code § 18.2-58, and the use of a firearm in committing robbery, Code § 18.2-53.1. The trial court fixed defendant's punishment at confinement in the penitentiary for terms totaling 21 years. Upon appeal defendant claims that the trial court erred in failing to sustain his motions to strike the Commonwealth's evidence, and further alleges the trial court abused its discretion in permitting the Commonwealth to reopen its case and present additional evidence after he made his first motion to strike.

■ While the defendant moved to strike the Commonwealth's evidence after the Commonwealth rested its case-in-chief, and again after the Commonwealth was permitted to reopen and present additional evidence, Hargraves waived his right to rely on these motions by proceeding to introduce evidence on his behalf, and the sufficiency of the evidence is to be determined from the entire record. *Tolley* v. *Commonwealth*, 216 Va. 341, 347, 218 S.E.2d 550, 554 (1975).

The Commonwealth initially presented the evidence of only two witnesses, the robbery victim, Leonard E. Moore (Moore), and Police Detective James W. Brown (Brown). Moore, a driver for White's Cabs in Newport News, testified that he was robbed of approximately five dollars about 1:00 A.M. on July 7, 1977, by a black male passenger armed with a handgun. Moore had picked up this passenger at 4729 Marshall Avenue in Newport News after

being directed there by the cab company dispatcher. While unable to identify his assailant, Moore described the robber as a light-skinned black man between 20 and 30 years of age with braided hair.

The cab driver testified that his passenger first directed Moore to take him to 1147 - 27th Street. Before arriving there, however, the passenger changed his destination to the 1200 block of Jeb's Place. When the cab arrived at the latter destination, the passenger presented a handgun, robbed Moore and attempted to shoot him, but the robber's gun misfired. Moore attempted to grab the gun, a struggle ensued and the robber fled the scene on foot.

Detective Brown of the Newport News Police Department testified that he arrested Hargraves on the afternoon of August 24, 1977. When questioned about the July 7 robbery of Moore, Hargraves told the detective that he had been at the home of his girl friend in the Newsome Park section of Newport News on that night and that he had been "drinking quite heavily". Defendant said that his girl friend called a White's Cab for him in "the early morning hours". Upon entering the cab, defendant said that he told the driver, whom he could not identify, to take him to the 1100 block of 28th Street. Defendant told Brown that he either "passed out or blacked out" for a short time and awoke to find that the cab had taken him to "Jeb's Place, off 16th Street." Defendant also told the detective that he refused to pay the cab fare because he had been taken to the wrong destination, that an argument ensued with the driver and that defendant "jumped out of the cab and ran." When asked if he was armed with a gun that night, defendant denied having a gun. He also stated that he "had not robbed anyone".

Detective Brown further testified that defendant resided in the 1100 block of 28th Street; that 4729 Marshall Avenue was in a twenty block area commonly known as Newsome Park; and that Jeb's Place is a short street, only two blocks long, which runs off 16th Street.

Having presented this evidence, the Commonwealth rested. Defendant thereupon moved to strike the evidence, arguing that the evidence adduced failed to identify defendant as the robber or to connect him in any way with the robbery.

The trial judge, after expressing doubt as to the sufficiency of the Commonwealth's evidence, permitted the Commonwealth, over defendant's objection, to reopen its case and present the evidence of Dora Fletcher (Fletcher), a dispatcher for White's Cabs.* Fletcher related that she began work at midnight on the night of the robbery and that only two cabs were operating after midnight on that date, one driven by Moore and the other operated by David Saunders. She testified that, in response to a telephone request from a woman, she dispatched Moore to 4729 Marshall Avenue to pick up a passenger. After picking up his passenger, Moore reported by radio that his destination was the 1100 block of 27th Street. Later Moore advised her that his destination had been changed to the 1200 block of Jeb's Place. A little later Fletcher heard a "funny noise" on the radio which lasted "between five and ten minutes". Moore then reported the robbery to her and she, in turn, notified the police.

Fletcher further testified that the dispatcher on duty routinely maintained a radio log showing the origin and destination of all trips made by the company's cabs. The radio log from 9:50 P.M. on July 6, 1977 to 5:29 A.M. on July 7 was introduced in evidence without objection. This exhibit shows only one trip terminating at Jeb's Place during this entire period, that being the trip which originated at 4729 Marshall Avenue.

Defendant testified in his own behalf. He related that he had been drinking heavily one night in July before going to 4729 Marshall Avenue, the home of his girl friend. At defendant's request, his girl friend telephoned for a cab. Defendant further testified that a White's Cab answered the call; that he directed the driver, whom he could not identify, to take him to his home at 1146 1/2 - 28th Street; that he "kind of dozed off" and, when he awoke, found that the cab had taken him to the 1100 block of Jeb's Place. Upon discovering that he had been taken to the wrong destination, defendant testified that he "jumped out [of the cab] and ran." Defendant denied that he possessed a gun on the night in question or that he robbed the cab driver.

---

* At bar defendant argued that the trial court also abused its discretion in suggesting what additional evidence might be available to the Commonwealth. Since the record shows no objection and no error was assigned on this ground, we will not notice this argument. Rule 5:21.

After examining the radio log for the month of July at the court's request, Fletcher, the dispatcher, was recalled as a rebuttal witness. She testified that an examination of the record disclosed 'White's Cabs had only one trip originating at 4729 Marshall Avenue during the entire month, Moore's trip of July 7.

Defendant argues that the trial court was guilty of a plain abuse of discretion when it permitted the Commonwealth to reopen its case and present additional evidence. He claims reasons in support of his motion pointed out the deficiencies in the Commonwealth's evidence, and that it was then clearly prejudicial to permit the Commonwealth to fill in these gaps in its evidence.

We have long followed the rule that the order of proof is a matter within the sound discretion of the trial court and this court will not reverse the judgment except in very exceptional cases, *Flick* v. *Commonwealth*, 97 Va. 766, 774, 34 S.E. 39, 42 (1899), and, unless it affirmatively appears that this discretion has been abused, this court will not disturb the trial court's ruling. *Mundy* v. *Commonwealth*, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933).

Finding no affirmative showing of an abuse of discretion in the case at bar, we sustain the trial court's action in permitting the Commonwealth, after it initially rested its case, to reopen and present additional evidence.

*Affirmed.*