COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


KINGSLEY LYNN ENEVOLDSEN, JR., S/K/A
  KINGSLEY ENEVOLDSON, JR.
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2863-02-4          JUDGE ELIZABETH A. McCLANAHAN
                                                        AUGUST 24, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
W. Park Lemmond, Jr., Judge Designate

Joseph Taylor Brown (Simmons, Brown & Kane, P.L.C., on brief),
 for appellant.

Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; Jennifer R. Franklin, Assistant Attorney General,
on brief), for appellee.


Kingsley Lynn Enevoldsen, Jr. appeals his conviction for receiving stolen goods, a

violation of Code § 18.2-108.[1]  Enevoldsen contends that the trial court erred in:  (1) denying his

motion to strike at the close of the Commonwealth's evidence, and (2) finding the evidence

sufficient beyond a reasonable doubt to convict him for the offense of receiving stolen goods.

For the following reasons, we affirm the judgment of the trial court.

I.  Background

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The final conviction order contains no reference to Code § 18.2-108, which was the
charge specified in the indictment, and recites only that the conviction was for petit larceny in
violation of Code § 18.2-96.  We address this discrepancy below.

That principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

So viewed, on August 21, 2001, Michael Simmons, a self-employed painter, reported that a paint sprayer he used in the course of his business had been stolen from his shed. Simmons lived with his girlfriend and her son, Ricky Asbury, who is a friend of the appellant.

Stafford County Deputy Sheriff Joseph McDermott took the initial larceny report and began an investigation. McDermott questioned Asbury about the paint sprayer. Asbury admitted that he and appellant pulled the paint sprayer out of Simmons' shed and took it to appellant's house.[2] While appellant stood close by, Asbury told appellant's father, Kingsley Enevoldsen Sr., that the paint sprayer was collateral for borrowing a hundred dollars. Appellant's father gave Asbury the money, and appellant drug the paint sprayer to the garage to store it.

On August 22, 2001, McDermott visited appellant's residence and found the paint sprayer in the garage. McDermott questioned appellant, who said that a couple of days earlier he was standing outside his house smoking a cigarette when Asbury drove up with the paint sprayer. Appellant claimed that Asbury asked him if he could keep the paint sprayer at his house and that Asbury told him that they "could sell it and use it for money." Appellant said he took the paint sprayer and put it in the garage. Appellant also told McDermott that he later received a phone call from Asbury who told him that the paint sprayer was "hot" and that the police had been to

---

[2] According to appellant's father, Kingsley Enevoldsen, Sr., the house belonged to appellant's grandmother. Enevoldsen, Sr. testified that a number of people live in the house, including, appellant's great grandmother, appellant's father, appellant's girlfriend and appellant.

his house looking for it. McDermott asked appellant to define "hot," to which appellant said that it meant it was stolen. Appellant said Asbury had asked him to hide the paint sprayer in the woods, but that he told Asbury he was not going to touch it.

At trial, on October 3, 2002, Simmons testified that he had not given appellant or Asbury permission to take the paint sprayer under any conditions. Both Asbury and appellant provided testimony at trial that conflicted in some part with their earlier statements to McDermott. However, they both provided evidence that appellant knew that the paint sprayer was stolen and that appellant helped conceal it.

Asbury testified that he pled guilty to stealing the paint sprayer and that he had taken it because he owed appellant's father some money. He also testified that he had called the appellant and told him that the police were looking for the paint sprayer and that he asked appellant to put it in the woods so that he could take it back to Simmons' house "before anybody gets in trouble." Asbury said that appellant did not move the paint sprayer out of the garage.

Appellant admitted telling McDermott that he had helped move the paint sprayer into the garage and that Asbury had called him a few days later and asked him to move the paint sprayer into the woods. He testified that Asbury had told him the police were looking for it, but that he refused to move it from the garage. He admitted that he had previously been convicted of five felonies.

Enevoldsen, Sr., appellant's father, testified that Asbury had brought the paint sprayer to him as collateral for borrowing one hundred dollars. He claimed that the "deal" with the paint sprayer was between him and Asbury. Enevoldsen, Sr., also admitted that he previously had been convicted of five drug-related felonies.

The court stated that it found the evidence sufficient beyond a reasonable doubt that the paint sprayer was stolen and that appellant helped conceal it. The court stated, "This, of course,

- 3 -

constitutes the equiseta malo animo, or dishonesty intent, that the statute requires." The court rejected appellant's contention that he didn't know that the paint sprayer was stolen, even though Asbury told him the police were looking for it. Because the court found that the Commonwealth had not proven that the value of the paint sprayer was over two hundred dollars, it reduced the charge to a misdemeanor, and convicted appellant of petit larceny.

## II. Analysis

We first note that the appellant contends the evidence was insufficient beyond a reasonable doubt to convict him of violating Code § 18.2-108, the statute that governs receiving stolen goods. However, the final conviction order contains no reference to Code § 18.2-108, which was the charge specified in the indictment, and recites only that the conviction was for petit larceny in violation of Code § 18.2-96. Although the appellant does not argue this discrepancy, we address it for purposes of clarity.

Receiving stolen goods is deemed to be larceny in Virginia. Code § 18.2-108. "The Supreme Court has held that 'receiving stolen goods, knowing the same to be stolen, may be charged as larceny.'" Bazemore v. Commonwealth, 42 Va. App. 203, 212, 590 S.E.2d 602, 606 (2004) (quoting Clark v. Commonwealth 135 Va. 490, 498, 115 S.E. 704, 706 (1923), overruled on other grounds by Chittum v. Commonwealth, 211 Va. 12, 174 S.E.2d 779 (1970)). "Larceny by receiving stolen goods is a lesser offense which is included in the major one of larceny." Cabbler v. Commonwealth, 212 Va. 520, 524, 184 S.E.2d 781, 783 (1971) (citation omitted). We hold that the trial judge's failure to include a reference to Code § 18.2-108 on the final conviction order was a clerical error. While an appeal is pending a court may correct a clerical mistake with leave of the appellate court. Code § 8.01-428(B). Therefore, we remand this matter to the trial court for the limited purpose of correcting that error.

A.  Motion to Strike at the Close of the Commonwealth's Evidence

A motion to strike is "an attack upon the sufficiency of the evidence presented."  Charles E. Friend, The Law of Evidence in Virginia § 1.4(C), at 12 (6th ed. 2003).  See also Burks Pleading and Practice § 284 (4th ed. 1952).  Upon a motion to strike, the trial court is limited to reviewing the sufficiency of the evidence as a matter of law.  However, "it is well settled . . . that when a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case."  White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 868 (1986) (citation omitted).  This principle recognizes that, when "[an] accused elects not to stand on his motion and presents evidence, he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence.  Thus, the original motion to strike is no longer applicable because it addresses a superseded context."  McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995).  However,

> where an issue of sufficiency of evidence is presented to a trial court, sitting without a jury, in a motion to strike at the conclusion of the Commonwealth's evidence and, upon its denial and upon conclusion of the defendant's evidence, the same issue is presented in the defendant's final argument to the court, the defendant has preserved his right to appeal this issue, even though he did not make a motion to strike at the conclusion of his own evidence.

Campbell v. Commonwealth, 12 Va. App. 476, 478, 405 S.E.2d 1, 1 (1991) (*en banc*).  However, the issue must be determined upon the entire record.  Hargraves v. Commonwealth, 219 Va. 604, 605, 248 S.E.2d 814, 815 (1978) (citing Tolley v. Commonwealth, 216 Va. 341, 347, 218 S.E.2d 550, 554 (1975)).

After the trial court denied the motion to strike at the conclusion of the Commonwealth's evidence, Enevoldsen presented evidence on his own behalf.  He did not renew his motion to strike after he presented his own evidence, nor thereafter move the court to set aside the verdict,

which are the traditional ways of challenging the sufficiency of the evidence. See Gabbard v. Knight, 202 Va. 40, 116 S.E.2d 73, 75 (1960). Thus, because Enevoldsen's motion to strike at the conclusion of the Commonwealth's evidence was superseded by his election to present evidence, we look only at his question as to whether the evidence was sufficient beyond a reasonable doubt to convict him for the offense of receiving stolen goods, and do so upon the entire record.

### B. Sufficiency of the Evidence to Convict Beyond a Reasonable Doubt

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Commonwealth, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). It asks instead whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319) (emphasis in original and internal quotation marks omitted)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. This deference applies not only to the historical facts themselves, but to the inferences from those facts as well. "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991) (citation omitted).

Code § 18.2-108 states: "If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and be proceeded against, although the principal offender be not convicted." We have stated,

> "To convict a defendant under Code § 18.2-108, the Commonwealth must prove that property 'was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent.' Guilty knowledge 'is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.' Shaver v. Commonwealth, 30 Va. App. 789, 800-01, 520 S.E.2d 393, 399 (1999). 'Guilty knowledge . . . absent proof of an admission against interest, . . . necessarily must be shown by circumstantial evidence.' Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983)."

Bazemore, 42 Va. App. at 212, 590 S.E.2d at 606-07 (quoting Snow v. Commonwealth, 33 Va. App. 766, 775, 537 S.E.2d 6, 11 (2000)).

In this case, appellant made an admission against interest. Appellant admitted at trial that on the day the property was found in the garage, he told McDermott that he had helped move the paint sprayer there. Appellant also admitted that Asbury later called him and told him the police were looking for the paint sprayer and that Asbury wanted him to move it into the woods. In spite of that information, appellant decided to keep the paint sprayer concealed in the garage.

The evidence also showed that Asbury told McDermott that the appellant helped him take the paint sprayer from Simmons' shed and take it to appellant's house, where appellant put it in the garage. McDermott testified that Asbury also told appellant that they could sell the paint sprayer for money. Further, appellant explained to McDermott that he was told the paint sprayer

was "hot" and that the police were looking for it. McDermott asked appellant to define "hot," to which appellant said that it meant it was stolen.[3]

At trial, both appellant and Asbury changed aspects of their accounts as to what happened. However, the court, as the finder of fact, rejected the parts of appellant's testimony and Asbury's testimony that conflicted with McDermott's testimony, which the court believed. The trial court also rejected the testimony of appellant's father, Enevoldsen, Sr.

"[T]he credibility of [witnesses] and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). "[T]he fact finder is not required to believe all aspects of a [witness'] testimony; [it] may reject that which it finds implausible, but accept other parts which it finds to be believable." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable, 27 Va. App. at 509-10, 500 S.E.2d at 235. "Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction." McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

Viewed in the light most favorable to the Commonwealth, the evidence showed that the paint sprayer was found in appellant's garage. Appellant had knowledge that the paint sprayer was there. Asbury called appellant to warn him that the police were looking for it. Appellant

---

[3] Although appellant objected at trial that this testimony about Asbury's statement was hearsay, the trial judge admitted it as impeachment evidence. Appellant did not appeal this ruling. In addition, on cross-examination, appellant examined the deputy sheriff more thoroughly about Asbury's statement and elicited a significant amount of other evidence, including testimony that, after Asbury and Enevoldsen put the paint sprayer in the car, "Asbury told . . . Enevoldsen . . . that they needed to make sure they brought the paint sprayer back soon."

knew the paint sprayer was stolen.  In spite of knowing that the paint sprayer was stolen, appellant left it concealed in his garage and did not return it to its owner or alert the police.

### III.  Conclusion

The trial court's decision to convict appellant for the offense of receiving stolen goods is not plainly wrong or without evidence to support it.  Therefore, the trial court is affirmed.  We remand this matter to the trial court for the limited purpose of correcting the clerical error on the final conviction order.

<u>Affirmed and remanded.</u>