COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Lorish and Senior Judge Annunziata
Argued by videoconference

**PUBLISHED**

DANJUAN ANTONIO MCBRIDE                                OPINION BY
                                                       JUDGE LISA M. LORISH
v.        Record No. 1354-21-4                         OCTOBER 4, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Donna L. Biderman (Law Office of Donna L. Biderman, PLLC, on
briefs), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


After granting Danjuan McBride's motion to strike—ruling that the evidence presented in

the Commonwealth's case-in-chief was insufficient—the trial court allowed the Commonwealth

to reopen its case and submit additional evidence. Based on that added evidence, the court

"reversed" itself and ruled that the cumulative evidence was now sufficient and overruled

McBride's motion to strike. Only this later order was reduced to writing. We find the trial court

erred under Rule 3A:15(c) by not entering an order of acquittal after the court elected to grant the

motion to strike based on the evidence presented in the Commonwealth's case-in-chief. Under

Rule 3A:15 and our prior caselaw, a trial judge has broad discretion over whether to grant a

defendant's motion to strike. But once a court grants such a motion, ruling that the evidence

presented was insufficient, the court may not then allow additional evidence to be presented and

change its ruling based on that added evidence.

BACKGROUND

McBride was tried by jury in the Circuit Court of Fairfax County on two counts of possessing a controlled substance with the intent to distribute ("PWID") under Code § 18.2-248. The indictment alleged that McBride was previously convicted of a substantially similar offense on two prior occasions. A charge of PWID, third offense, carries significant mandatory penalties under Code § 18.2-248.

Before trial, the Commonwealth filed a motion *in limine* asking the court to "[p]ermit the admission of two certified prior convictions from Baltimore City Circuit Court for possession with intent to distribute . . . cocaine." The court took up this motion *in limine* the morning of trial and confirmed that the Commonwealth was asking for "some kind of decision or declaration now that these [documents related to the prior convictions] are admissible." The Commonwealth agreed, adding that "this is not an issue for the Jury," and explaining that the court should decide the issue before voir dire and opening arguments because if the documents were "not admitted, then the charge is not a third or subsequent [distribution] and that shouldn't be mentioned" to the jury.

McBride objected to the admissibility of the documents, arguing that they were not "certified or . . . authentic cop[ies] of an order or of a conviction," and instead appeared to be from a later probation violation. The Commonwealth argued that the document was a sentencing order and admissible under Code §§ 8.01-389 and 8.01-390.[1] As the argument progressed, the court noted differences in names and aliases on some of the documents. McBride also pointed

---

[1] These code sections pertain to the admissibility and certification requirements of judicial and nonjudicial records respectively.

out a discrepancy in birth years, as well as a lack of case numbers tying the various records together.[2]

The court took two recesses during this pretrial hearing, considering additional records offered by the Commonwealth as well as the Maryland code sections pertaining to the drug offenses. During this lengthy hearing, the Commonwealth voiced its concern that it was "not comfortable starting trial and having jeopardy attached if there's an issue with these priors."

Ultimately, the court ruled that it would admit the documents because they were authentic and admissible as records of a judicial proceeding under Code § 8.01-389. The court explained, "I'm satisfied that these documents are what they purport to be, and are therefore probative." After detailing the documents for the record, the court explained again that the documents were "probative of whether the Defendant has been previously convicted."

After the ruling, the Commonwealth said:

> [I]f there is a question about the date of birth that's list[ed] on here, I have the Defendant's criminal record, but there are also those documents in the file. I just want to make sure that I can introduce additional documents to the Jury if there's a question about this being a different person. I don't know if that's going to be raised

---

[2] In total, the documents included a (1) Commitment Record from Baltimore City Circuit Court for a Dan Juan McBride, AKA Tony Brown, Antonio McDan, DanJuan McBride, for PWID cocaine, Case No. 298135011, stating that the "defendant has been found guilty" by Judge Evelyn Cannon and listing a sentence of two years, nine months, and six days, with a box checked for "[c]ommitment is for execution of previously suspended sentence after Defendant was found in violation of probation," signed by Clerk/Judge Frank Conaway, dated May 6, 1999; (2) Criminal Information for defendant Tony Brown in the Circuit Court for Baltimore City charging PWID cocaine with an offense date of March 27, 1998, no case number provided; (3) Commitment Record from Baltimore City Circuit Court for Dan Juan McBride, stating that the "defendant has been found guilty" of PWID Cocaine, case number 298230038, and sentenced to ten years, dated April 23, 1999; and (4) Criminal Information for defendant Danjuan McBride alleging PWID cocaine base on July 2, 1998, with no case number provided. The two commitment records had dates of birth listed with the same month and date, but birth years one year apart.

to the Jury or if that was just an argument for Court in this
. . . pre-trial motion.

The court responded, "I guess we will see what comes up."

During the trial, the Commonwealth presented evidence about the stop and arrest of McBride from several police officers, who testified that they found McBride in possession of individually packaged vials of cocaine and heroin containing furanyl fentanyl. The Commonwealth also called as a witness the lab technician who tested the recovered drugs. Finally, the Commonwealth introduced the documents from Maryland that the court had ruled were admissible in the motion *in limine* hearing earlier that day. Then the Commonwealth rested, and the jury was dismissed for the evening.

The next morning, outside the presence of the jury, McBride moved to strike the Commonwealth's evidence as insufficient to establish that the two prior convictions were, in fact, McBride's. McBride argued the Commonwealth had thus failed to establish a necessary element of either PWID, third offense. In support, McBride pointed to the fact that the records were from a Maryland court, for someone (sometimes) identified as "McBride" (but also as Tony Brown) who had a Maryland address, but that there had been no evidence that McBride had any connection to Maryland at all—let alone that he had ever lived there and was the same "McBride"/"Tony Brown." McBride noted that none of the Commonwealth's testimonial or documentary evidence tied the McBride on trial to the person referenced in the Maryland documents through a birth date, social security number, DMV records, photos, fingerprints, or any other identifying information.

The Commonwealth responded that there was no question "that this is the same individual in these priors" and expressed concern "about the argument being raised" because "it's an appropriate argument for the Court," but not "an appropriate argument for the jury." The

- 4 -

Commonwealth continued that the "Court is the gatekeeper of his priors, and his priors would not be admissible if it wasn't the same Defendant," and the records involved someone with the same "somewhat unique name." The Commonwealth also proffered that McBride had the same date of birth as the person in the Maryland records[3] and that McBride did, in fact, live in Baltimore. The court then ruled:

> I'm going to grant the motion to strike in part and deny it in part. I'm going to grant it as to the Commonwealth having proven that the Defendant has two prior convictions. I agree with [McBride's counsel] that there would have to be some more evidence on the record tying this Defendant, other than by the same name. We had no evidence, as [McBride's counsel] points out, as to the date of birth, photograph, mug shot, fingerprint, something tying them together. So I'll grant the motion to strike with regard to the two priors.[4]

The Commonwealth immediately noted an exception to the ruling and argued that "the Commonwealth relied on the Court's pretrial ruling that these [records are] connected to the Defendant," which is why it had not "put on any evidence about the Defendant's identity[] [b]ecause this is an issue for the trial court and not for the jury [and] [i]t is the Commonwealth's understanding that this is a legal issue and not a factual issue." The court responded, "I admitted them because I found them to be authentic. And they appeared to be tied to this Defendant. But I think the burden was on the Commonwealth to then tie them to the Defendant . . . by showing some kind of identification for this gentleman that this was him." The Commonwealth replied

---

[3] The Commonwealth described the difference in birth years on the Maryland documents as a clerical error.

[4] McBride also argued that the Commonwealth had not introduced sufficient evidence to establish that the possession was with the intent to distribute. The court denied the motion to strike as to sufficient proof of possession with the intent to distribute, and McBride has not assigned error to this decision of the court.

that it thought the court had ruled that "these were admissible as Mr. McBride's priors[] [*a*]*nd that the jury was being informed that these were the Defendant's priors*." (Emphasis added).

The court then said, "I concluded that they were authentic, and they appeared to be related to this Defendant. But I think the burden is on you now. Do you still have the officers here?" After the Commonwealth confirmed a detective was still there, the court concluded, "Well, since it was a misunderstanding I'm going to allow you to reopen to call one witness."

McBride's counsel immediately objected, arguing that:

> I wouldn't have made the whole argument that I made if I had known that [the Commonwealth] could call somebody afterwards. That's what the motion to strike is . . . . This isn't even a jurisdictional, or venue, or something like that. This is one of the elements of [the] offense, and now I've told [the Commonwealth] how it is that [it] failed to do [prove] of the elements of [the] offense, and then [the Commonwealth] gets a chance to come up and correct it.

The Commonwealth again responded that "in introducing certified priors . . . it's a legal determination from the Court that these are authentic, that they apply to the Defendant, and that's an issue for the Court to decide; not for the jury." The Commonwealth further argued it was "prejudiced by this misunderstanding of the Court's ruling."

The parties and court continued to debate what additional evidence the Commonwealth could introduce to solve the problem, with McBride's counsel objecting to each suggestion. McBride's counsel argued that "I object because that's what the motion to strike, that's what you do. You do a motion to strike, *if the Judge says, 'Okay. Yes. I grant the motion to strike*,'" that it was then improper for the court to allow the Commonwealth to "call different witnesses and put in different evidence" to correct the error. (Emphasis added). The court agreed McBride was "ordinarily right" but found that "there was apparently a genuine misunderstanding, and I'm going to give the Commonwealth the benefit of that."

Ultimately, the Commonwealth proposed introducing as a party opponent statement the bail recognizance form McBride had signed after his arrest for the offenses he was currently on trial for. This form listed McBride's current address as the same address in Maryland that was listed on the paperwork from the Commonwealth's prior conviction exhibits. Over McBride's continuing objection, the court admitted the recognizance form[5] and then held:

> [W]ith regard to my earlier decision on the motion to strike, I'm going to reverse myself with regard to granting the motion to strike in part on the basis that looking at the evidence in the light most favorable to the Commonwealth, there is evidence in the record from which a reasonable jury could determine that these prior commitment records are for this Defendant. And so the motion to strike is denied in whole.

The court also confirmed that McBride could argue to the jury that he was not the person identified in the Maryland documents.

The jury ultimately found McBride guilty of both counts of PWID, third offense,[6] and recommended a sentence at the mandatory minimum of ten years imprisonment for each of the two counts. After trial, the court entered a signed order summarizing the second day of trial and the jury's verdicts, which included: "Counsel for the Defendant moved the Court to strike the evidence presented by the Commonwealth. The Court, after hearing argument, denied the motion."

The court sentenced McBride to two consecutive terms of ten years of imprisonment, for a total of twenty years, the statutory mandatory minimum required for two PWID offenses, third conviction.

---

[5] The exhibit was also later introduced in front of the jury before the court invited the defense to present its case.

[6] The jury instructions required that the jury find "beyond a reasonable doubt . . . [t]hat the defendant has previously been convicted of two or more offenses of possession with intent to manufacture, sell, give, or distribute a Schedule I or II substance."

ANALYSIS

McBride raises two overlapping issues in this appeal. First, he argues that the circuit court erred by reversing its ruling on the motion to strike and allowing the Commonwealth to reopen its case-in-chief and introduce additional evidence. Second, he argues that the circuit court erred by failing to enter a judgment of acquittal after granting his motion.

In reviewing these errors, we apply an abuse of discretion standard. The "'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'" *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)). This general principle covers not only *what* is admitted into evidence, but also *when* something is admitted into evidence. It has long been the rule that "the order of proof is a matter within the sound discretion of the trial court" and not reversible unless "this discretion has been abused." *Hargraves v. Commonwealth*, 219 Va. 604, 608 (1978). "'[B]y definition,' however, a trial court 'abuses its discretion when it makes an error of law.'" *Williams*, 71 Va. App. at 487 (alteration in original) (quoting *Coffman v. Commonwealth*, 67 Va. App. 163, 166 (2017)). As a question of law, the lower court's interpretation of Rule 3A:15 requires de novo review. *See Brown v. Commonwealth*, 279 Va. 210, 217 (2010).

A. McBride preserved his arguments for appeal by objecting to the court's decision to allow the Commonwealth to put on additional evidence after granting the motion to strike.

McBride relies on many sources to support his argument that the court erred by reopening the Commonwealth's case-in-chief after granting his motion to strike, including the Double Jeopardy Clause of the United States Constitution, Rule 3A:15, and various caselaw. The Commonwealth alleges McBride procedurally defaulted any argument about the constitutional

implications of the court's actions or the proper application of Rule 3A:15(c) because McBride did not cite those precise sources of law in support of his objections before the trial court.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." But Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." *Lash v. County of Henrico*, 14 Va. App. 926, 929 (1992). "Nor does [Rule 5A:18] prevent this Court, on its own initiative, from relying on statutory or judicial authority that was not presented to the trial court or referred to in the briefs submitted by the parties." *Id.*

After the court granted the motion to strike but then ruled that the Commonwealth could put on additional evidence, McBride objected no fewer than four separate times. McBride immediately argued that the court's decision to reopen the case was improper because "[t]hat's what the motion to strike is . . . . This isn't even a jurisdictional, or venue, or something like that" but instead went to the Commonwealth's failure to prove "one of the elements of [the] offense." Thus, the Commonwealth shouldn't "get[] a chance to come up and correct it" after the motion was granted. Later, McBride argued that "*if the Judge says, 'Okay. Yes. I grant the motion to strike*,*" then it is improper for the court to allow the Commonwealth to "call different witnesses and put in different evidence" to correct the error. (Emphasis added). As the parties and court continued to discuss the issue and how the Commonwealth might remedy the problem, McBride repeated his objection at each proposal on how the Commonwealth might fix the omission.[7]

---

[7] McBride's counsel also renewed his objection at sentencing: "I want to renew my objection to the Court allowing the Commonwealth to reopen their case in order to put in more evidence after my motion to strike was denied."

- 9 -

Thus, it is "abundantly clear" that McBride "brought the error he complains of on appeal to the attention of the trial court." *Byrd v. Commonwealth*, 50 Va. App. 542, 550 (2007).

> B. Rule 3A:15 required entry of a judgment of acquittal, precluding the court from re-opening the case to admit additional evidence.

The presumption of innocence is "a presumption so strong that not only is an accused entitled to the benefit of it, but if the case be a doubtful one, this presumption is always sufficient to turn the scale in his favor." *Widgeon v. Commonwealth*, 142 Va. 658, 666 (1925). Girded with this presumption, the Constitution protects a defendant from conviction "except upon evidence that is sufficient fairly to support a conclusion that *every element of the crime* has been established beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 313-14 (1979) (emphasis added). The Supreme Court explained that "[a] meaningful opportunity to defend, if not the right to a trial itself, presumes . . . that a total want of evidence to support a charge will conclude the case in favor of the accused." *Id.*

Because the prosecution bears the burden of proving the elements of an offense beyond a reasonable doubt, "[t]he vast majority of jurisdictions have not chosen to force the defendant to await review of the sufficiency of the evidence until after the jury reaches its decision." 6 Wayne R. LaFave et al., *Criminal Procedure* § 24.6(b) (4th ed. 2021) (covering motions for directed acquittal). "That any judicial system should encourage litigants to raise objections at the earliest rather than the latest possible time seems self-evident." *United States v. Tateo*, 377 U.S. 463, 468 n.4 (1964).

In Virginia, a defendant tests the sufficiency of the evidence to sustain a conviction by making a motion to strike. *See, e.g.*, *Wells v. Commonwealth*, 65 Va. App. 722, 729-30 (2016). At the time of McBride's trial, the Rules of Court provided:

> Motion to Strike Evidence. After the Commonwealth has rested its
> case or at the conclusion of all the evidence, the court on motion of

the accused *may* strike the Commonwealth's evidence if the evidence is insufficient as a matter of law to sustain a conviction . . . .

. . . .

Judgment of Acquittal or New Trial. The court *shall* enter a judgment of acquittal if it strikes the evidence or sets aside the verdict because the evidence is insufficient as a matter of law to sustain a conviction. The court shall grant a new trial if it sets aside the verdict for any other reason.

Rule 3A:15(a), (c) (emphasis added).

Effective March 1, 2021, many Rules—including this one—were amended to replace the word "shall" with the word "must." In the preamble to these amendments, the Supreme Court explained that "[t]he purpose of these amendments is to clarify the meaning of the word 'shall' formerly appearing in these Rules and not to change existing law." Order Amending the Rules of the Supreme Court of Virginia (Nov. 23, 2020), https://www.vacourts.gov/courts/scv/amendments/rule_1_1_et_seq.pdf. Before this clarification, the rule was already that "*shall* is mandatory and *may* is permissive." *Wal-Mart Stores East, LP v. State Corp. Comm'n*, 299 Va. 57, 70 n.5 (2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012)).

Thus, the newly amended Rule 3A:15(c) merely clarifies what was already the law. A court has discretion over whether to grant a motion to strike—"the court on motion of the accused *may* strike the Commonwealth's evidence if the evidence is insufficient." But upon granting the motion, a court has to enter a judgment of acquittal—"[t]he court *must* enter a judgment of acquittal if it strikes the evidence." We presume that "the difference in language was intentional," where one subsection of a statute uses the word "shall," and a different subsection of the statute uses "may." *Wal-Mart Stores East, LP*, 299 Va. at 70-71 (quoting *Jordan v. Commonwealth*, 295 Va. 70, 75 (2018)). The same commonsense principle applies in

- 11 -

interpreting the Rules of Court. *See, e.g.*, *Muse Const. Grp. v. Commonwealth Bd. for Contractors*, 60 Va. App. 92, 96-97 (2012).

Many cases affirm the broad discretion trial courts have over both the presentation of evidence at trial and whether it is appropriate, under all the circumstances, to grant a defendant's motion to strike because the evidence presented was insufficient. Our Supreme Court has repeatedly rejected the argument that evidence presented on rebuttal was improper because it belonged in the case-in-chief, instead holding that "the order in which proof is introduced is a matter largely in the discretion of the trial court." *Flick v. Commonwealth*, 97 Va. 766, 774 (1899); *see also Bishop v. Webster*, 154 Va. 771, 777 (1930).

This discretion extends to whether a trial court allows a defendant to introduce additional evidence after the defense had rested its case. *Mundy v. Commonwealth*, 161 Va. 1049, 1063-64 (1933). "When all the testimony in the trial of a case has been concluded and the witnesses for the respective parties have been excused from their attendance upon court, whether the court will allow the introduction of other testimony is a question addressed to the sound discretion of the trial judge." *Id.* at 1064. Likewise, a trial court has the discretion to permit the Commonwealth to reopen its case-in-chief and present additional evidence. *Hargraves*, 219 Va. at 607-08.

*Hargraves* reinforces a trial court's discretion not only to allow for additional evidence to be presented after a case is otherwise closed, but also to deny a motion to strike even when the court believes the evidence may be insufficient. *Id.* There, the trial court had "express[ed] doubt as to the sufficiency of the Commonwealth's evidence," before allowing the Commonwealth to call another witness. *Id.* at 607. After that new evidence, the court denied the motion to strike. *Id.* at 605. Rule 3A:15(a) gives a court this discretion.

This Court reached the same result when a trial court expressed that it was *likely* to grant a motion to strike but did not *actually* grant it. *Chrisman v. Commonwealth*, 3 Va. App. 371,

- 12 -

374-76 (1986); *see also McClain v. Commonwealth*, 189 Va. 847, 854-55 (1949) (finding no abuse of discretion when the court took judicial notice of venue after a motion to strike was made but not granted); *Lebedun v. Commonwealth*, 27 Va. App. 697, 715-16 (1998) (affirming trial court's discretion in sua sponte reopening the record for the Commonwealth to present evidence of a missing element after *denying* a motion to strike). Each of these cases follows Rule 3A:15(a), which permits a court to deny a motion to strike—even if the court believes the evidence to be insufficient.[8] And each stands for the uncontroversial premise that a trial court needs discretion on how to manage a trial.

But there is a limit to this discretion. Rule 3A:15(c) draws a line in the sand when a trial court, in its vast discretion, decides to rule that the evidence is insufficient by granting a motion to strike. The language of the rule is clear: "The court *must* enter a judgment of acquittal if it strikes the evidence."

That a court must enter a written judgment of acquittal after ruling the evidence is insufficient is not only required by Rule 3A:15(c), but also necessarily follows from the nature of a judgment of acquittal—apart from whatever written order may follow. The Supreme Court has "defined an acquittal to encompass *any ruling* that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans v. Michigan*, 568 U.S. 313, 318 (2013) (emphasis added). Once the court has made a "factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability" the defendant has been acquitted. *Id.* at 319 (alterations in original) (quoting *United States v. Scott*, 437 U.S. 82, 98 (1978)). Likewise, an "'acquittal' includes 'a ruling by the court that the evidence is insufficient to convict.'" *Id.* (quoting *Scott*, 437 U.S. at 91). This is true even if "the acquittal may result from erroneous

---

[8] McBride has not raised any challenge to the propriety or constitutionality of this aspect of the rule.

evidentiary rulings or erroneous interpretations of governing legal principles [that] affect[] the accuracy of that determination." *Id.* (quoting *Scott*, 437 U.S. at 98).

Once a court has announced that a defendant is acquitted based on the evidence before it, entry of the judgment of acquittal is merely the evidence of the same. The "rendition of a judgment must be distinguished from its entry on the court records." *Lewis v. Commonwealth*, 295 Va. 454, 466 (2018) (quoting *Jefferson v. Commonwealth*, 269 Va. 136, 139 (2005)); *see also Haskins v. Haskins*, 185 Va. 1001, 1012 (1947) (holding that a "written order or decree endorsed by the judge is but evidence of what the court has decided").

The unambiguous language of Rule 3A:15(c) leads us to conclude that the trial court erred by not entering a judgment of acquittal after it struck the Commonwealth's evidence. The Commonwealth bore the burden of proving all the elements of the PWID, third offenses charged, and the fact that McBride was convicted of two prior qualifying convictions was an element of each offense.[9] After the court found the evidence fell short, Rule 3A:15(a) did not *require* the

---

[9] We have long held that "[c]onviction of a prior like offense is an element of the charge as it was set forth in the indictment, and is also a necessary predicate to an enhanced penalty pursuant to Code § 18.2-248." *Berry v. Commonwealth*, 22 Va. App. 209, 213 (1996). And "[w]hen the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." *Palmer v. Commonwealth*, 269 Va. 203, 207 (2005). In *Palmer*, our Supreme Court considered whether various juvenile court records introduced by the Commonwealth at trial sufficed to prove that the defendant was previously convicted of a "delinquent act which would be a felony if committed by an adult" under Code § 18.2-308.2. Because Palmer could have "agreed to plead guilty to four offenses that would have been misdemeanors, rather than felonies, if committed by an adult," the Commonwealth "did not present sufficient evidence in the circuit court to establish that Palmer previously had been convicted of a delinquent act that would have been a felony if committed by an adult." *Id.* Just as the fact that a prior conviction was for a "delinquent act which would have been a felony if committed by an adult" is an element of Code § 18.2-308.2, the fact that "*the person* has been before convicted of such an offense or of a substantially similar offense" is an element of Code § 18.2-248. (Emphasis added). *See also Mason v. Commonwealth*, 64 Va. App. 599, 609 (2015) (explaining statutes are not "substantially similar" if a person could be convicted of an offense under another jurisdiction's statute for conduct that would not be criminal under Code § 18.2-248). A party cannot obtain a pretrial ruling about

- 14 -

court to grant the motion to strike—it merely allowed the court to do so. Here, the court did not take McBride's motion to strike under advisement or deny the motion. Instead, it "grant[ed] the motion to strike with regard to the two priors" because it "had no evidence . . . as to the date of birth, photograph, mug shot, fingerprint, something tying [the defendant and the documents related to the prior convictions] together." The court made this decision after a long pretrial motion *in limine* hearing just one day before, where the court took not one but two recesses to consider the Commonwealth's evidence on the prior convictions. After hearing argument from the parties and ruling that the evidence was insufficient, Rule 3A:15(c) required the court to enter a corresponding judgment of acquittal.

Rule 3A:15(c)'s bright-line rule is unsurprising in a criminal case given the constitutional implications at play. *See Smith v. Massachusetts*, 543 U.S. 462, 467 (2005) ("[T]he Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent as it prohibits reexamination of an acquittal by jury verdict."). Because we conclude that Rule 3A:15(c) prohibited the trial court from reopening the record and not entering an order of acquittal on these facts, we need not reach the harder question of whether the double jeopardy clauses of either the United States or Virginia Constitutions would also require reversal here. *See Bell v. Commonwealth*, 264 Va. 172, 203 (2002) (advising that appellate courts should avoid the "unnecessary adjudication of a constitutional issue"). Instead, we only observe that Rule 3A:15's requirements prevent such constitutional issues from arising.[10]

---

whether it has successfully proved an element of a claim or offense. Thus, the Commonwealth needed to prove that it was McBride who was previously convicted of the various drug offenses in Maryland and that the convictions were for a substantially similar offense.

[10] In *Smith,* the Supreme Court held that a state court's initial ruling that the evidence was insufficient to sustain a conviction on a firearms charge was a "judgment of acquittal" for double jeopardy purposes. 543 U.S. at 468. The Court observed that "as a general matter state law may

C.  That the judgment granting McBride's motion to strike was not reduced to writing does not change the outcome.

The Commonwealth argues that Rule 3A:15(c) does not apply here because the trial court never granted the motion to strike.  Despite the court's decision to "grant the motion to strike with regard to the two priors," the Commonwealth focuses only on the written order issued after trial.  That order, documenting everything that occurred on the second day of trial, stated, "Counsel for the Defendant moved the Court to strike the evidence presented by the Commonwealth.  The Court, after hearing argument, denied the motion."  Relying on the general principle that "a circuit court speaks only through its written orders," the Commonwealth concludes that the only relevant order here was the written order entered after trial, denying the motion to strike.

The record, and our caselaw, require a different conclusion.  Here, the court first ruled that the Commonwealth's evidence as presented during its case-in-chief was insufficient.  That is the only judgment that took place as to the sufficiency of this evidence.  The court's later, separate, ruling was based on the Commonwealth's evidence as presented during its case-in-chief, *combined with the other document presented after reopening*.  That later ruling is the only one that was reduced to writing, but it did not subsume the first.

The earlier judgment remained, not diminished for having never been reduced to writing. *See Jefferson*, 269 Va. at 140 (explaining that a written order only provides "evidence of judicial action, that is, a declaration of historical fact [but] [t]he statement, however, does not purport to govern the substantive validity of the judicial act").  Indeed, "[a] judgment is the determination

---

prescribe that a judge's midtrial determination of the sufficiency of the State's proof can be reconsidered," but that the Massachusetts Rules of Criminal Procedure "direct[] the trial judge to enter a finding of not guilty 'if the evidence is insufficient as a matter of law to sustain a conviction." *Id.* at 467, 470-71.  Therefore, the lower court could not reconsider its ruling later during the trial.

by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding" and "[a] written order or decree endorsed by the judge is but evidence of what the court has decided." *Lewis*, 295 Va. at 465 (quoting *Haskins*, 185 Va. at 1012). The court did not merely change its mind on the issue "submitted to it" on the motion to strike—whether the evidence in the Commonwealth's case-in-chief was sufficient. Instead, it issued a new judgment entirely based on new evidence.

Our Supreme Court has observed that "[i]n the trial of a case the court gives many orders and commands which are not reduced to writing" and that "[s]uch orders are lawful orders and directions of the court." *Robertson v. Commonwealth*, 181 Va. 520, 531 (1943). For this reason, a defendant who was tried for two separate offenses of assault and battery during a bifurcated trial on the same day could be convicted under a repeat offender statute during the second trial. *Lewis*, 295 Va. at 459. The conviction for the first offense, stated orally by the judge, was a final judgment that established a predicate offense during the second trial. *Id.* Likewise, a trial court that orally pronounces a defendant guilty loses the authority to later defer that disposition, even if it has not yet entered a written conviction order. *Vandyke v. Commonwealth*, 71 Va. App. 723, 735 (2020).[11]

Just as an oral judgment of guilt is final upon the pronouncement, an oral judgment of acquittal is final when a court holds the evidence is insufficient to sustain a conviction. *See*

---

[11] Our recent decision in *Hammer v. Commonwealth*, 74 Va. App. 225, 237-38 (2022), does not require a different result. There, this Court held that under Code § 19.2-265.3, a *nolle pros* is only final when it is "entered," which "connotes a written order." *Id.* Therefore, a court could readily change its mind after orally granting a *nolle pros*. *Id. Hammer* also relied on Rule 1:1, which generally gives a court the authority to reconsider its judgment of conviction until twenty-one days have elapsed from the entry of a final judgment. *Id.* The Commonwealth has not argued that Rule 1:1 changes the result here. Whether Rule 1:1 could ever apply to a judgment of acquittal without offending the Double Jeopardy Clause is a question that we need not reach here. *See* Section B *infra*; *Bell*, 264 Va. at 203 (advising that appellate courts should avoid the "unnecessary adjudication of a constitutional issue").

*Evans*, 568 U.S. at 318-19 ("[A]n acquittal . . . encompass[es] *any ruling* that the prosecution's proof is insufficient to establish criminal liability for an offense." (emphasis added)).  The court's determination that the evidence was insufficient then required entry of that acquittal.

CONCLUSION

When a defendant moves to strike the evidence as insufficient, a trial court has significant discretion about how to proceed.  Even if the court agrees the evidence is insufficient, Rule 3A:15(a) does not require the court to grant the motion.  The court can take a recess to consider the evidence, the court can take the motion under advisement, the court can opine that the evidence is thin, or the court can allow the Commonwealth to put on additional evidence.  What the court cannot do under Rule 3A:15(c) is grant the motion to strike, ruling that the evidence is insufficient, then allow additional evidence to be presented and enter a different ruling based on that added evidence.

The court's failure to enter an order of acquittal here was an error of law, and thus an abuse of discretion requiring reversal.  "When an appellant successfully challenges the sufficiency of the evidence on some (but not all) aspects of his conviction, we must determine if the proven elements of the original charge qualify as a lesser-included offense." *Crowder v. Commonwealth,* 41 Va. App. 658, 666 (2003).  "If so, the appropriate remedy on appeal is a reversal of the conviction on the greater charge and a remand of the lesser charge for retrial— assuming the Commonwealth, in its prosecutorial discretion, chooses to go forward on the lesser charge." *Id.*; *see also Gorham v. Commonwealth*, 15 Va. App. 673, 678 (1993) (observing that the "consistent practice in Virginia," when the evidence is found insufficient to sustain a conviction on appeal but sufficient to sustain a conviction on a lesser-included offense, is to remand the case for retrial on the lesser-included offense).  Because PWID, first offense is a lesser-included offense of PWID, third offense, we vacate McBride's convictions for both PWID

- 18 -

third offenses and remand for retrial on the PWID first offenses, if the Commonwealth be so advised.

*Reversed and remanded.*